TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ron Belpedio

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ron Belpedio, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Thunderbird Collection Specialists, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Ron Belpedio (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Thunderbird Collection Specialists, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Avondale, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Scottsdale, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. On or about March 25, 2015, Defendant contacted Plaintiff in an attempt to collect a debt.

12. Plaintiff spoke with Defendant's representative, who failed to identify himself.

13. Plaintiff informed Defendant that he would not make repayment unless Defendant sent him something in writing.

14. Defendant responded to Plaintiff with expletives, telling Plaintiff to "pay his f\*\*king bill" and to "pay your damn bill."

15. To date, Defendant has failed to send Plaintiff a written notice of the alleged debt, informing Plaintiff of his rights to dispute the alleged debt.

3

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

18. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

19. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. Defendant used obscene or profane language or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2).

21. Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

22. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 16, 2015                         TRINETTE G. KENT

By: /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Ron Belpedio